# UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
ELMER STURGILL, SR. )
LINDA F. STURGILL ) CASE NO. 05-11916
)
Debtor(s) )

## MEMORANDUM-OPINION

This matter came before the Court for a hearing on confirmation of the Chapter 13 Plan of the Debtors, Elmer Sturgill, Sr. and Linda F. Sturgill ("Debtors"). Creditor Roger Crain ("Crain") filed an Objection to Confirmation of the Plan. Creditor Green Tree Servicing, LLC ("Green Tree") also filed an Objection to the Plan. After considering the written submissions of the parties and the arguments of counsel, the Court **OVERRULES** the Objection of Crain, but cannot confirm the Plan at this time. The Court will schedule a valuation hearing on Green Tree's claim.

## FACTS

Debtors own a single wide mobile home located at 20 Rube Smith Road in Canmer, Hart County, Kentucky. Crain and the Debtors entered into a Contract for Deed on May 17, 2000 for the purchase of 10.99 acres upon which the mobile home sits. The Contract provided for 60 monthly payments after which a balloon payment was required.

On or about September 4, 2005, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Debtors filed their Chapter 13 Plan on September 5, 2005. Crain objected to the Debtors' Plan as violative of 11 U.S.C. §1322(b)(2) which prevents the modification of the rights of secured claims where the security interest in real property is the Debtors' principal residence.

A hearing was held on Crain's Objection to Confirmation of the Plan on November 17, 2005. The Court ordered the parties to file memoranda of law in support of their positions by December 8, 2005. Debtors and Crain each filed timely briefs and the Court took the matter under submission.

On or about January 31, 2006, Green Tree filed its Objection to Confirmation of the Plan. Green Tree asserts that it is a secured creditor and that the Plan does not allow for the full value of its claim violating 11 U.S.C. §1322(b)(2). Although Green Tree's Objection was not timely filed, it did timely file its Proof of Claim and because the Plan has not yet been confirmed, the Court will address both Objections.

## LEGAL ANALYSIS

The Plan, as proposed, modifies the claims of both Crain and Green Tree. Crain's security interest is in the real property upon which the mobile home sits and Green Tree's security interest is in the mobile home itself. The Court will address each Objection in turn.

Crain asserts that the Plan cannot be confirmed as proposed because it violates §1322(b)(2) which provides in pertinent part, " . . . the plan may . . . modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . .." Crain contends that since the mobile home is the Debtors' principal residence and rests on the real property in which it has a security interest, its rights cannot be modified. Crain contends that the mobile home is classified as real property under Kentucky law and therefore its rights cannot be modified.

Crain's argument fails because the balloon payment on the Crain Note is now currently due and owing. Under 11 U.S.C. §1322(c)(2), notwithstanding §1322(b)(2), where "the last payment on the original payment schedule for a claim secured only by a security interest in real property that

2

is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to §1325(a)(5) of this title." Since the full balance of the Crain debt is now due and owing, the final payment is due before the final payment under the Plan. Thus, the Plan may be modified under §1322(c)(2).

Green Tree's lien is on the Debtors' principal residence, the mobile home itself, and it cannot be modified under 11 U.S.C. §1322(b)(2). However, the Debtors' asserted value of the mobile home has not yet been established. The parties must establish this value at an evidentiary hearing. The Court, therefore, cannot confirm the Plan until a valuation hearing is held. Accordingly, the Court by separate order, will schedule a valuation hearing for the Debtors and Green Tree.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Objection of Creditor Roger Crain. The Court, however, cannot confirm the Plan without a valuation hearing on the claim of Green Tree Servicing, LLC.

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ELMER STURGILL, SR. | ) | |
| LINDA F. STURGILL | ) | CASE NO. 05-11916 |
| | ) | |
| Debtor(s) | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Creditor Roger Crain to the Confirmation of the Chapter 13 Plan of Debtors Elmer Sturgill, Sr. and Linda F. Sturgill, be and hereby is, **OVERRULED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court will schedule a valuation hearing on the claim of Green Tree Servicing, LLC by separate Order.  Until such time, the Chapter 13 Plan of the Debtors cannot be confirmed.